IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JESSICA SINGH AND
KULJEET SINGH**

        Plaintiffs,

v.

**THE HOME DEPOT, INC.,**

        Defendant.

No. 3:17-cv-01640-MO

OPINION AND ORDER

**MOSMAN, J.,**

    This matter comes before me on Plaintiffs' Motion for Protective Order [30] and

Defendant's Motion to Compel [36]. For the reasons stated below, I GRANT Plaintiffs' Motion

for Protective Order [30] and GRANT IN PART and DENY IN PART Defendant's Motion to

Compel [36].

## MOTION FOR PROTECTIVE ORDER

    Fed. R. Civ. P. 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged

matter that is relevant to any party's claim or defense and proportional to the needs of the case."

The scope of discovery may be limited, despite relevancy, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A party seeking a protective order must allege a specific harm; a broad allegation will not suffice. *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011). But the injury alleged may be an interest in privacy, and mere embarrassment or annoyance is sufficient to satisfy the requirements of Fed. R. Civ. P. 26(c). *Fischer v. City of Portland*, (No. 3:02– CV–1728–BR), 2003 WL 23537981, at *2 (D. Or. Aug. 22, 2003) (citing *Pearson v. Miller*, 211 F.3d 57, 73 (3d Cir. 2000)).

After reading the parties' briefings and the proposed stipulations, the Court views Plaintiffs' stipulation as precluding Plaintiff Kuljeet Singh from claiming that his role as caregiver to his wife has had any negative effect on his job performance or attendance. Defendant has not shown that, given the stipulation, the requested discovery will lead to anything related to the question of damages. Additionally, Defendant has not shown that the requested discovery will add anything further to what is already known about Defendant's credibility. Because the underlying information Defendant has requested regarding Plaintiff Kuljeet Signh's employment records is private, and Plaintiff Kuljeet has claimed a privacy interest, the information cannot be disclosed without a sufficient showing of relevancy.

## MOTION TO COMPEL

Defendant has asked the Court to compel Plaintiff to return to Portland, Oregon, for an independent medical examination (IME). In response, Plaintiffs have proposed that the IME take place in Maryland, alleging that Plaintiff Jessica Singh cannot fly unaccompanied. The Court instructs Defendant to arrange to fly both Plaintiffs to Portland, Oregon for the IME, or in the alternative, to provide for the IME in Maryland.

**CONCLUSION**

For the reasons stated above, Plaintiffs' Motion for Protective Order [30] is GRANTED and

Defendant's Motion to Compel [36] is GRANTED in part and DENIED in part.


IT IS SO ORDERED.

Dated this 30 day of November, 2018.


MICHAEL W. MOSMAN
Chief United States District Judge